IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Joseph E. Macon, | ) Civil Action No.: 8:11-cv-00007-TMC-JDA |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) **OF MAGISTRATE JUDGE** |
| Geico Insurance and SCDMV, | ) |
| Defendants. | ) |

Plaintiff is proceeding in this action pro se. On September 8, 2011, Defendant Geico Insurance filed a motion for summary judgment. [Doc. 59.] On September 9, 2011, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment/dismissal procedure and the possible consequences if he failed to respond adequately. [Doc. 60.] On October 4, 2011, Defendant SCDMV filed a motion to dismiss. [Doc. 66.] On October 5, 2011, pursuant to *Roseboro*, 528 F.2d 309, Plaintiff was advised of the summary judgment/dismissal procedure and the possible consequences if he failed to respond adequately. [Doc. 67.] Despite this explanation, Plaintiff elected not to respond to either motion as directed.[1]

As Plaintiff is proceeding pro se, the Court filed another order on November 23, 2011, giving Plaintiff through December 13, 2011, to file his responses to the motion for summary judgment and the motion to dismiss. [Doc. 87.] Plaintiff was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute. Despite

---

[1] The Court notes Plaintiff filed a motion to quash summary judgment on October 11, 2011. [Doc. 69.] However, Plaintiff failed to include (1) an explanation of his version of the facts, if different from Defendant's version of the facts and (2) Plaintiff's legal argument as to why the Court should not grant Defendant's motion and end the case, as directed by the *Roseboro* order [Doc. 60]. Additionally, Plaintiff's motion to quash [Doc. 69] did not mention the motion to dismiss; therefore, the motion to quash appears to apply only to the motion for summary judgment.

this explanation, Plaintiff elected not to respond.[2] In ruling on Plaintiff's motion to amend/correct, the Court noted, as of December 21, 2011, Plaintiff still had not adequately responded to the motion for summary judgment and the motion to dismiss; accordingly, the Court ordered Plaintiff to respond to the pending dispositive motions within ten days from the date of its Order, or by January 3, 2012. [Doc. 95.] Plaintiff was again specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute. Despite this explanation, Plaintiff again elected not to respond to either motion.

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). "Federal courts possess an inherent authority to dismiss cases with prejudice *sua sponte*." *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark Indust., Inc.*, 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cnty., Va.*, 764 F. Supp. 1071, 1074 (E.D. Va.1991)).

The Fourth Circuit, in *Davis v. Williams*, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

(1) the degree of personal responsibility on the part of the plaintiff;

---

[2]The Court notes Plaintiff filed a motion to amend/correct the Complaint and to quash the motion for summary judgment and motion to dismiss on December 9, 2011. [Doc. 92.] However, again, Plaintiff failed to include (1) an explanation of his version of the facts, if different from Defendants' versions of the facts and (2) Plaintiff's legal argument as to why the Court should not grant Defendants' motions and end the case, as directed by the *Roseboro* order [Docs. 60, 67]. As of December 9, 2011, when Plaintiff filed his motion to amend/correct and to quash, the Court had already advised Plaintiff a motion to quash without an explanation of his version of the facts and without a legal argument is insufficient to respond to the pending motions. [Doc. 87 at 1 n.1.]

(2) the amount of prejudice to the defendant caused by the delay;

(3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and

(4) the effectiveness of sanctions less drastic than dismissal.

588 F.2d 69, 70 (4th Cir. 1978) (citing *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)). Subsequently, however, the Fourth Circuit noted that "the four factors . . . are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96.

As Plaintiff is proceeding pro se, he is personally responsible for his failure to file a response. This action has been pending for over a year, and Plaintiff has had over five months to respond to the motion for summary judgment and over four months to respond to the motion to dismiss. Although Plaintiff's initial responses were due by October 14, 2011 and November 10, 2011, the Court has offered Plaintiff numerous opportunities to respond after these deadlines, making the final deadline January 3, 2012. The Court has warned Plaintiff on multiple occasions that the case would be dismissed pursuant to Rule 41(b) if Plaintiff failed to file responses. [Docs. 87, 95.] Despite this explanation, Plaintiff has elected not to respond. Because Plaintiff has already ignored deadlines set by the Court, sanctions less drastic than dismissal would not be effective.

Wherefore, based upon the foregoing, the Court recommends that the case be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin<br>United States Magistrate Judge

February 28, 2012
Greenville, South Carolina