IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Joseph E. Macon,                              )
                                              )     Civil Action No. 8:11-00007-TMC
                    Plaintiff,                )
                                              )
        v.                                    )     **OPINION and ORDER**
                                              )
Geico Insurance and SCDMV,                    )
                                              )
                    Defendants.               )
_____)

        Plaintiff, proceeding *pro se*, filed this civil rights action against the Defendants.

(Dkt. # 1).   In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(e),

D.S.C., all pre-trial proceedings were referred to a Magistrate Judge.   On February 28,

2012, Magistrate Judge Jacquelyn D. Austin issued a Report and Recommendation

("Report") recommending that the court dismiss the case for failure to prosecute. (Dkt. #

110).   The Report sets forth in detail the relevant facts and legal standards on this

matter, and the court incorporates the Magistrate Judge's Report herein without a

recitation.

        The Magistrate Judge makes only a recommendation to this court.   The

recommendation has no presumptive weight. The responsibility to make a final

determination remains with this court.   *See Mathews v. Weber*, 423 U.S. 261, 270-71

(1976). The court is charged with making a de novo determination of those portions of

the Report to which specific objections are made, and the court may accept, reject, or

modify, in whole or in part, the Magistrate Judge's recommendation or recommit the

matter with instructions. *See* 28 U.S.C. § 636(b)(1).

1

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

On September 8, 2011, Defendant, Geico Insurance, filed a Motion for Summary Judgment. (Dkt. # 59).  Because Plaintiff is proceeding *pro se*, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on September 9, 2011, advising Plaintiff of the motion for summary judgment procedures and the possible consequences if he failed to adequately respond. (Dkt. # 60).  On October 4, 2011, Defendant, SCDMV, filed a Motion to Dismiss.  (Dkt. # 66).  On October 5, 2011, pursuant to *Roseboro*, Plaintiff was advised of the summary judgment/dismissal procedure and the possible consequences if he failed to respond adequately. However, Plaintiff elected not to respond to either motion as directed.  As Plaintiff is proceeding *pro se*, the court filed another order on November 23, 2011, giving Plaintiff through December 13, 2011, to file his responses to the Motion for Summary Judgment

2

and the Motion to Dismiss.  (Dkt. # 87).  Plaintiff was again specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute.  Plaintiff failed to file a response within the time frames set forth above.

The Magistrate Judge then filed a Report and Recommendation recommending this case be dismissed for failure to prosecute.  The Plaintiff was informed that objections to the Report and Recommendation were due by March 16, 2012.  (Dkt. # 110-1).  However, Plaintiff did not file any objections to the Report and Recommendation until March 30, 2012 (Dkt. # 113), approximately fourteen days after the time for the filing of objections.[1]

After a thorough review of the Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation (Dkt. # 110) and incorporates it herein.   It is therefore **ORDERED** that the case is **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982).

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Greenville, South Carolina
May 18, 2012

---

[1] Even if the Plaintiff's objections were timely filed, the objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims and are without merit.  Plaintiff's objections provide no basis for this court to deviate from the Magistrate Judge's recommended disposition.

3

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.